Ruffin, C. J.
 

 We think the intention is unequivocal, to put all the debts on the same footing.
 

 The language is express, that it was the purpose to pay
 
 all
 
 the debts- — “
 
 as tvell others
 
 as those named above.” It is said, however, that a preference is given to the enumerated debts in that part of the deed, which declares the trusts, and provides that,' “the debts
 
 above named
 
 shall
 
 beJlrst
 
 paid.” But the expression “aboye named” is not used in a restricted sense, as meaning the debts particularly specified, as contradistinguished from the debts generally, but is used to signify “all the debts which had been mentioned in the previous part of the deed.
 

 
 *88
 
 This construction is unavoidable ; for unless it be correct, ^lere ‘s no pro^isi0'11 for the debts not specifically designated, inasmuch as according to the deed alter “the debts above name¿| sila][ be first paid, then” the provision for the wife arises. But to exclude any of the debts is contrary to the declared purpose of the deed; and, according to the obvious intention, all debts are to be discharged before the wife is to get any thing. That is the order to which the word “first” applies-in the declaration of the trust; which means that the debts, as a whole, are to be paid before the wife can come in. The provision for her shews the expectation of a surplus after satisfying all the creditors. There was, therefore, no motive, at the time of making the deed., for distinguishing between the - different debls ; and no preference is given. It will be certified to the Court of Equity, that there is no error in the decree.
 

 Per Curiam, Ordered accordingly.